# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| DAN ALLEN, | |
| Plaintiff, | No. 15-CV-3172-LTS |
| vs. | **ORDER** |
| AGRELIANT GENETICS, LLC, | |
| Defendant. | |

## I.  INTRODUCTION

This matter is before the Court pursuant to defendant's motion to stay discovery (Doc. 21) pending this Court's ruling on defendant's motion for partial summary judgment (Doc. 15).  Defendant argues that a stay is necessary to save the expenditure of resources and to conserve judicial resources.  Plaintiff resists defendant's motion to stay discovery, arguing that, although a stay would protect defendant from expense and burden, it will not preserve judicial resources, is prejudicial, and risks the deadlines. Doc. 23-1, at 3.

For the reasons that follow, the Court grants in part and denies in part defendant's motion to stay discovery (Doc. 21).

## II.  BACKGROUND

Plaintiff filed suit in state court, which defendant removed to this court.  Docs. 1-3.  Plaintiff alleges four causes of action in his complaint: Count 1 alleges breach of an oral contract; Count 2 alleges detrimental reliance; Count 3 alleges constructive fraud; and Count 4 alleges defamation.  Doc. 3.  Plaintiff alleged he began employment with defendant as a District Sales Manager in about July 2013.  Doc. 3, ¶6.  Plaintiff alleges

there was no written employment agreement, but defendant verbally agreed to pay plaintiff commissions and bonuses. Doc. 3, ¶¶ 7 & 9. Plaintiff alleges defendant terminated his employment on December 17, 2014. Doc. 3, ¶19. Plaintiff alleges defendant failed to pay him commissions and bonuses for the 2015 growing season. Doc. 3, at 6. Regarding his claim of defamation, plaintiff alleges that at some unstated time, unidentified representatives of defendant company made defamatory statements about plaintiff which injured his reputation and his occupation. Doc. 3, ¶¶53-57.

On May 25, 2016, defendant moved for partial summary judgment. Doc. 15. Specifically, defendant moved for summary judgment on Counts 1 through 3 of the complaint on the ground that they "fail to state a claim upon which relief can be granted" against defendant. *Id*., at 1. Plaintiff filed a resistance to the motion (Doc. 16), to which defendant filed a reply (Doc. 17). The briefing was completed in June 2016. The motion remains pending.

On August 5, 2016, plaintiff served his First Set of Requests for Production of Documents and First Set of Interrogatories. Doc. 21-1, Exhibit A. Plaintiff served thirty-one separate requests for documents and forty-five interrogatories. Defendant asserts that nearly all of the document requests and interrogatories seek information and documents relevant only to Counts 1 through 3 of the complaint. Doc. 21-1, at 3. Plaintiff does not appear to dispute this assertion. Doc. 23.

On September 2, 2016, defendant filed the instant motion for stay of discovery pending this Court's ruling on defendant's motion for partial summary judgment. Doc. 21. On September 16, 2016, plaintiff filed a resistance to the motion and requested a hearing "to review the pending and propounded discovery, hear arguments to deny the Motion for Stay, and ascertain the relevancy of the discovery so to expedite the responses." Doc. 23-1, at 3.

On September 22, 2016, the Court heard argument on the pending motion to stay discovery.

## III. STANDARD OF REVIEW

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, district courts have broad discretion to stay of discovery. *Steinbuch v. Cutler*, 518 F.3d 580, 588 (8th Cir. 2008) (citing *Lakin v. Prudential Sec., Inc.*, 348 F.3d 704, 713 (8th Cir. 2003)); *see also Maune v. Int'l Bhd. of Elec. Workers*, 83 F.3d 959, 963 (8th Cir. 1996) (upholding the district court's granting of a party's request to stay discovery); *Blair v. Douglas County*, No. 8:11CV349, 2013 WL 2443819, at *1 (D. Neb. June 4, 2013) ("[I]t is a settled proposition that a court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."). Courts have used various standards in determining whether to stay discovery, including: (1) whether there is a strong showing that a claim is unmeritorious; (2) the breadth of discovery and burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. *Chesney v. Valley Stream Union Free Sch. Dist.*, 236 F.R.D. 113, 116 (E.D. N.Y. 2006). Courts may also consider the complexity of the action and the stage of litigation. *Chesney*, 236 F.R.D. at 116. *See also Benge v. Eli Lilly & Co.*, 553 F. Supp. 2d 1049, 1050 (N.D. Ind. 2008) (identifying three factors in determining whether a stay is appropriate: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the matter is not stayed; and (3) economy of judicial resources.").

## IV. DISCUSSION

This order addresses only defendant's motion for a stay of discovery and does not address whether the scope of propounded discovery was otherwise appropriate. Although

defendant argued a stay is appropriate because plaintiff propounded discovery directed toward the first three counts of the complaint which are the subject of the motion for partial summary judgment, defendant also argued that other discovery requests are "beyond the reasonable scope of **any** of the claims and defenses before the Court." Doc. 21-1, at 2 (emphasis in original). As noted, plaintiff sought a hearing, in part, to have the Court "review the pending and propounded discovery . . . and ascertain the relevancy of the discovery . . . ." Doc. 23-1, at 3. As the Court indicated at the hearing in this matter, there is no pending motion to compel discovery before the Court. Moreover, the parties have not attempted to meet and confer to resolve their discovery dispute, as required by Local Rule 37. It would be premature and an improper use of judicial resources for the Court to weigh in on a discovery dispute which, at this time, the parties have not themselves attempted to resolve without court intervention.

Accordingly, the Court turns to the pending motion to stay discovery. Defendant's primary argument is that a stay of discovery will protect it from undue burden and expense. At argument, defendant emphasized not only the extent of the written discovery already propounded regarding Counts 1 through 3, but also plaintiff's desire to take depositions of witnesses on issues related to those counts. Defendant noted that depositions tend to be the most expensive part of discovery. Defendant also argued that a stay will preserve judicial resources because defendant anticipates that the parties will have discovery disputes that will require court intervention. Finally, defendant argued that no party would be prejudiced by a "brief stay of discovery." Doc. 21-1, at 5. In his resistance, plaintiff generally argued about the reasonableness and relevance of his discovery requests, and argued that "[t]o say discovery pending a ruling on the pending motion will serve to limit the Plaintiff's opportunity to appropriately investigate his claim." Doc. 23-1, at 2. Plaintiff reiterated that a stay "certainly is prejudicial to the

4

Plaintiff," arguing that "[s]everal depositions are necessary in this matter and any delay in securing these depositions risks the designated timeline." Doc. 23-1, at 3. At argument, the Court asked plaintiff to more specifically describe the prejudice he would suffer from a stay of discovery. Plaintiff responded that many of the witnesses are involved in the agricultural industry and the harvest season will make it difficult to schedule depositions, so the parties need as much time as possible to schedule depositions.

Considering the factors other courts have identified in determining the propriety of a stay of discovery pending a ruling on dispositive motions, the Court finds they weigh in favor of at least a partial, temporary stay of discovery. The Court has reviewed the briefing regarding defendant's motion for summary judgment and concludes that defendant's argument is colorable; the Court will not opine further on the merits of the motion, as that motion is not before the undersigned for decision. The breadth of discovery requested by plaintiff in the written discovery is broad. It exceeds the time period of his employment, and requests documents and information which likely contain privileged and confidential business information. Further, should only plaintiff's defamation claim survive, the currently propounded discovery requests would far exceed the likely information subject to discovery. In reviewing the exchange of emails attached to defendant's motion to stay (Exhibit B), the tone of the current briefing, and the representations of the parties themselves, it also appears that there will likely be discovery disputes that will require the expenditure of judicial resources. If the Court grants the motion for summary judgment, and thus narrows the scope of relevant discovery, it will likely decrease the expenditure of judicial resources in resolving discovery disputes. Staying discovery until the outcome of the motion is known, therefore, may save judicial resources.

The Court finds the most compelling reason to grant the stay of discovery, however, is the absence of any real showing of prejudice. Plaintiff has made only conclusory allegations that he will be prejudiced. Neither in his briefing, nor at argument, was plaintiff able to articulate a concrete example of how a temporary stay would cause him real prejudice. His reference to the harvest season even arguably cuts against him; harvest is occurring now and will continue for the next two months. Farmers and people employed in the agricultural industry will arguably be more readily available for depositions in a few months than they are now. Trial in this matter is set for June 19, 2017, nine months away. That leaves sufficient time for the parties to complete discovery without a need to continue the trial.

On balance, the Court finds a stay of discovery appropriate, but will limit the stay in scope and time. The Court will stay discovery with respect to Counts 1 through 3, but not with respect to plaintiff's defamation claim in Count 4. Defendant has not made a sufficient showing for a need to stay written discovery regarding Count 4. That count remains viable at this time and is not the subject of a dispositive motion. The Court is persuaded, however, that it would not be efficient or cost-effective to conduct depositions on Count 4 because the possibility exists of having to repeat the process if the district court does not dismiss Counts 1 through 3. Accordingly, the Court will stay depositions as to all claims.

The Court also finds it appropriate to establish a time limit on the partial stay of discovery. The discovery deadline in this case is January 14, 2017. It is possible the district court will issue an order on the pending motion for partial summary judgment soon, but the docket in this district is very heavy, and the caseload per judge very high, so that is not guaranteed. Therefore, in order to preserve sufficient time to complete discovery and prevent the need to continue the trial, the partial discovery stay will be

lifted either when the district court issues a ruling on the motion for partial summary judgment, or on Monday, November 14, 2016, whichever comes first.

## V. CONCLUSION

For the reasons set forth herein, the Court **grants in part and denies in part** defendant's motion for a stay of discovery (Doc. 21). Discovery is stayed as to Counts 1 through 3 of the complaint, and as to depositions, until the earliest of either a ruling by the district court on defendant's motion for partial summary judgment (Doc. 15), or Monday, November 14, 2016.

**IT IS SO ORDERED** this 26th day of September, 2016.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa